UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| GREGORY GILLILAN, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV608-024 |
| SERGEANT BELL, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has moved to proceed *in forma pauperis* ("IFP") in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Docs. 2, 1.) For the reasons that follow, the Court should **DISMISS** plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under § 1915. In order to proceed IFP, however, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g).[1] Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. § 1915(g).

---

[1] <u>Gillilan v. Pollark</u>, 107cv50 (M.D. Ga. Apr. 4, 2007) (dismissed as frivolous); <u>Gillilan v. Harrison</u>, 106cv176 (M.D. Ga. Jan. 31, 2007) (same); <u>Gillilan v. Bell</u>, 107cv3 (M.D. Ga. Jan. 11, 2007) (same); <u>Gillilan v. Thomas</u>, 106cv122 (S.D. Ga. Jan. 10, 2007) (dismissed for failure to state a claim); <u>Gillilan v. Johnson</u>, 106cv177 (M.D. Ga. Jan. 8, 2007) (appeal was dismissed as frivolous on Apr. 25, 2007); <u>Gillilan v. Cannon</u>, 106cv114 (M.D. Ga. Aug. 8, 2006) (dismissed as frivolous).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, No. 606cv49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. Margiotti v. Nichols, No. 306cv113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06cv496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. 306cv527, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff, currently incarcerated in Georgia State Prison in Reidsville, Georgia, alleges that he is suffering from a brain tumor. (Doc. 1 at 5.) He states that without surgery he will die. (Doc. 1 at 5.) It is entirely unclear, however, how defendant has anything to do with plaintiff's claim. Defendant is a prison guard, not a medical provider. Plaintiff does not allege that defendant has any authority over the

decision to perform surgery; he merely states that "defendant violates medical physiciane's order's [sic]." (Id. at 5.) Such conclusory allegations are simply inadequate to invoke the § 1915(g) exception.[2] Margiotti, 2006 WL 1174350, at *2. The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing such baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this __11th__ day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[2.] Furthermore, this is not the first time plaintiff has "cried wolf" to the courts in an attempt to invoke the § 1915(g) exception. On at least two prior occasions, he has attempted to circumvent § 1915(g) by stating that his death was imminent. Gillilan v. Fogam, No. 407cv133 (S.D. Ga. Oct. 15, 2007); Gillilan v. Powell, No. 407cv132 (S.D. Ga. Nov. 6, 2007).